## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      *Plaintiff,*

  vs.                              Case No. 22-40018-EFM

JOSEPH EUGENE DIX,

      *Defendant.*

## MEMORANDUM AND ORDER

Defendant Joseph Eugene Dix was charged by the Grand Jury with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Dix now moves, under Rule 12 of the Federal Rules of Criminal Procedure, to dismiss the Indictment against him, on the ground that § 922(g) is an unconstitutional exercise of the Congress's power under the Commerce Clause in Article I, Section 8, Clause 3 of the United States Constitution. Dix recognizes that precedent is squarely against him on this issue and notes that he merely hopes to preserve the issue for appeal.  The Court, bound by precedent, must deny Dix's Motion.

### I.      Factual and Procedural Background

According to the Indictment in this case, Dix was charged with knowingly possessing "in and affecting commerce" a firearm and miscellaneous ammunition while knowing that he had

previously been convicted of a crime punishable by a term of imprisonment exceeding one year—namely, use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  The Indictment further charged that the firearm and ammunition "had been shipped and transported in interstate and foreign commerce."

Dix anticipates that the evidence at trial will show that: (1) the firearm was manufactured in Yonkers, New York; (2) he came into possession of that firearm only days before his arrest on August 26, 2021 (3) he possessed the firearm wholly within the District of Kansas; and (4) he never transported or caused the firearm to be transported across state lines.

This matter is set for trial on November 7 and 8 of 2022.  Dix moved to dismiss the indictment against him on September 1, 2022.

## II.    Legal Standard

Rule 12 of the Federal Rules of Criminal Procedure authorizes the district court to resolve before trial those motions "that the court can determine without a trial on the merits."[1]  The Supreme Court has held that Rule 12 permits a pretrial resolution of a motion to dismiss the indictment only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."[2]  According to the Tenth Circuit, a district court may consider a motion to dismiss the indictment even when it relies on facts outside the indictment where "[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts, and [3] the district court can

---

[1] Fed. R. Crim. P. 12(b)(1).

[2] *United States v. Covington*, 395 U.S. 57, 60 (1969).

determine from them that, *as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt."[3]

### III.    Analysis

Dix moves to dismiss the indictment against him on the ground that 18 U.S.C. § 922(g), the statute under which he is charged, exceeds the bounds of Congress's authority under the Commerce Clause.  The Commerce Clause gives Congress the power "to regulate commerce with the foreign nations, and among the several states, and with the Indian tribes."[4]  Under this authority, 18 U.S.C. § 922(g) makes it unlawful for "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Interpreting this statute, the Supreme Court in *Scarborough v. United States*[5] concluded that proof the possessed firearm previously traveled in interstate commerce was sufficient to satisfy the nexus between the possession of the firearm by the felon and commerce.[6]  After *Scarborough*, the Tenth Circuit held in *United States v. Bolton*[7] that § 922(g) was a valid exercise of Congress's power under the Commerce Clause.[8]  The Tenth Circuit later read *Scarborough* as "assum[ing]

---

[3] *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (quotations omitted).

[4] U.S. Const. art I, § 8, cl. 3.

[5] 431 U.S. 563 (1977).

[6] *Id.* at 577.

[7] 68 F.3d 396 (10th Cir. 1995).

[8] *Id.* at 400.

that Congress could constitutionally regulate the possession of firearms solely because they had previously moved across state lines."[9]

The Court need not delve deep into Dix's arguments to concur with his statement, at the outset, that precedent is against him on this issue.  As noted above, he merely raises this issue to preserve it for appeal.  This is a proper step, and the issue is of course preserved for appeal. But the Court is bound by precedent to conclude that § 922(g) represents a valid exercise of Congress's power under the Commerce Clause.  Therefore, Dix's Motion to Dismiss the Indictment against him is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Indictment (Doc. 12) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 11th day of October, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] *United States v. Patton*, 451 F.3d 615, 634 (10th Cir. 2006); *see also United States v. Urbano*, 563 F.3d 1150, 1153-55 (10th Cir. 2009).

-4-