IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>JOSEPH EUGENE DIX,<br><br>*Defendant.* | Case No. 22-40018-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Joseph Dix's Motion for a Pretrial Determination (Doc. 23) as to the jury instruction that will be given at his trial. The Court agrees to make such a determination, as Defendant represents it will satisfy his desire to preserve this issue for appellate review as well as possibly allow the resolution of the case without a jury trial. As laid out below, and as required by Tenth Circuit precedent, the Court rejects Defendant's proposed jury instruction and overrules his objection to the Government's proposed instruction.

Defendant is charged with possession of a firearm and ammunition when he was prohibited from doing so because of a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1). He asks the Court to instruct the jury that his possession of the firearm and ammunition must be contemporaneous with the "in or affecting" commerce jurisdictional element of the offense.

Specifically, Defendant offers the following proposed jury instruction as to the jurisdictional element of the offense: "Joseph Dix's possession of the firearm or ammunition contemporaneously affected interstate commerce [or] occurred in interstate commerce."

Defendant's instruction conflicts with the Government's proposed jurisdictional instruction, which would instruct the jury that, in order to return a guilty verdict, it must find:

> [T]hat the firearm and/or ammunition, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while defendant possessed the firearm and/or ammunition.

Likewise, the Tenth Circuit Pattern Instruction provides that the jury must find that "before the defendant possessed the firearm [or ammunition], the firearm [or ammunition] had moved at some time from one state to another [or from a foreign country to the United States]."[1]

Defendant objects to the Government's proposed instruction. He also objects to the pattern instruction comment that states "[d]epending on the evidence, the court should also instruct that the government is not required to prove that the defendant himself moved the firearm or ammunition in interstate or foreign commerce."[2] He, however, recognizes that the Court is bound by precedent to rule against him on this issue.[3] Therefore, the Court rejects Defendant's proposed jury instruction and overrules his objection to the Government's proposed instruction.

---

[1] 10th Cir. Pattern Criminal Jury Instr. 2.44

[2] *Id.* 2.44 cmt.

[3] *See United States v. Urbano*, 563 F.3d 1150, 1152 (10th Cir. 2009) ("[T]his court's precedent makes clear the government can meet § 922(g)(1)'s jurisdictional element by showing the firearm traveled in interstate commerce at some point in the past.").

**IT IS THEREFORE ORDERED** that Defendant's Motion for a Pretrial Determination is (Doc. 23) is **GRANTED.** The Court rejects his proposed jury instruction and overrules his objection to the Government's proposed instruction.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2022.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE